**Pierce County Superior Court Civil Case 11-2-15656-2**     **PURCHASE COPIES**

| | |
|---|---|
| Case Title: | DAVID S DIVIS VS. WASHINGTON STATE PATROL |
| Case Type: | Tort - Other |
| Access: | Public |
| Track Assignment: | Complex |
| Jury Size: | |
| Estimated Trial Length: | |
| Dept Judge: | **06 ROSANNE BUCKNER** |
| Resolution: | |
| Completion: | |

**Litigants**

| Name | Type | Status |
|---|---|---|
| **DIVIS, DAVID S** | Plaintiff | |

| Attorney for DIVIS, DAVID S | Type | Bar Number |
|---|---|---|
| **WARREN EVANS MARTIN** | Atty for Plaintiff/Petitioner | 17235 |

| **WASHINGTON STATE PATROL** | Defendant | |
|---|---|---|

| Attorneys for WASHINGTON STATE PATROL | Type | Bar Number |
|---|---|---|
| **EDWARD SYDNEY WINSKILL** | Atty for Defendant | 5406 |
| **Marie Colleen Clarke** | Atty for Defendant | 36146 |

| **BATISTE, JOHN R** | Defendant | |
|---|---|---|

| Attorneys for BATISTE, JOHN R | Type | Bar Number |
|---|---|---|
| **EDWARD SYDNEY WINSKILL** | Atty for Defendant | 5406 |
| **Marie Colleen Clarke** | Atty for Defendant | 36146 |

| **HATTELL, GEORGE C** | Defendant | |
|---|---|---|

| Attorneys for HATTELL, GEORGE C | Type | Bar Number |
|---|---|---|
| **EDWARD SYDNEY WINSKILL** | Atty for Defendant | 5406 |
| **Marie Colleen Clarke** | Atty for Defendant | 36146 |

**Filings** | e-file document | | download filings | | E-Serve documents |

| Filing Date | Filing | Access | Pages | Microfilm |
|---|---|---|---|---|
| 11/14/2011 | **ORDER SETTING ORIGINAL CASE SCHEDULE** | Public | 1 | |
| 11/14/2011 | **CASE INFORMATION COVER SHEET** | Public | 1 | |
| 11/14/2011 | FILING FEE RECEIVED $230.00 | Public | | |
| 11/14/2011 | **SUMMONS** | Public | 2 | |
| 11/14/2011 | **COMPLAINT** | Public | 8 | |
| 11/28/2011 | **NOTICE OF APPEARANCE SPECIAL/LIMITED** | Public | 2 | |
| 11/29/2011 | **AFFIDAVIT/DECLARATION OF SERVICE** | Public | 2 | |

**PURCHASE COPIES**

**Proceedings**

| Date | Calendar | | Outcome |
|---|---|---|---|
| Week Of 06/25/2012 | DEPT 06 - JUDGE BUCKNER (Rm. 2-E ) | | |
| | Unconfirmed | Status Conference | |
| Week Of 04/22/2013 | DEPT 06 - JUDGE BUCKNER (Rm. 2-E ) | | |
| | Unconfirmed | Pretrial Conference | |

05/13/2013                DEPT 06 - JUDGE BUCKNER (Rm. 2-E )
                          Confirmed              9:00 Trial

**Original Case Schedule Items**

| Event | Schedule Date |
|---|---|
| Confirmation of Joinder of Parties, Claims and Defenses | 05/14/2012 |
| Jury Demand | 05/21/2012 |
| Status Conference | 06/25/2012 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 08/06/2012 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 09/03/2012 |
| Disclosure of Rebuttal Witnesses | 12/17/2012 |
| Deadline for Filing Motion to Adjust Trial Date | 01/07/2013 |
| Discovery Cutoff | 02/25/2013 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 03/18/2013 |
| Joint Statement of Evidence | 04/01/2013 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution | 04/01/2013 |
| Deadline for Hearing Dispositive Pretrial Motions | 04/01/2013 |
| Pretrial Conference | 04/22/2013 |
| Trial | 05/13/2013 |

**Judgments**

| Cause # | Status | Signed | Effective | Filed |
|---|---|---|---|---|

This calendar lists Confirmed and Unconfirmed Proceedings. Attorneys may **obtain access rights** to confirm/strike selected proceedings. Currently, any proceedings for the Commissioners' calendars can be stricken, but only Show Cause proceedings for the Commissioners' calendars can be confirmed.

Unconfirmed Proceedings will not be heard unless confirmed as required by **the Local Rules of the Superior Court for Pierce County**.

- Hearing and location information displayed in this calendar is subject to change without notice. Any changes to this information after the creation date and time may not display in current version.
- Confidential cases and Juvenile Offender proceeding information is not displayed on this calendar. Confidential case types are: Adoption, Paternity, Involuntary Commitment, Dependency, and Truancy.
- The names provided in this calendar cannot be associated with any particular individuals without individual case research.
- Neither the court nor clerk makes any representation as to the accuracy and completeness of the data except for court purposes.

Created: Tuesday December 6, 2011 9:18AM

Copyright © 1996-2011 Pierce County Washington. All rights reserved.

GP

10533096

RECEIVED
2011 NOV 22 PM 12:59
Davis
ATTORNEY GENERAL'S OFFICE
TORTS DIVISION OLYMPIA

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 14 2011 11:44 AM

KEVIN STOCK
COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

_____ Plaintiff

vs.

WSP, John R Batiste, George C. Heftell, and Docs 1-10, Defendants.

No. 11-2-15656-2

ORDER SETTING CASE SCHEDULE

| | |
|---|---|
| Type of case: | TTO |
| Estimated Trial (days): | |
| Track Assignment: | Complex |
| Assignment Department: | 06 |
| Docket Code: | ORSCS |

| | |
|---|---|
| Confirmation of Service | 12/26/2011 |
| Confirmation of Joinder of Parties, Claims and Defenses | 5/14/2012 |
| Jury Demand | 5/21/2012 |
| Status Conference (Contact Court for Specific Date) | Week of 6/25/2012 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 8/6/2012 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 9/3/2012 |
| Disclosure of Rebuttal Witnesses | 12/17/2012 |
| Deadline for Filing Motion to Adjust Trial Date | 1/7/2013 |
| Discovery Cutoff | 2/25/2013 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 3/18/2013 |
| Joint Statement of Evidence | 4/1/2013 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution (PCLR 16 (c)(3)) | 4/1/2013 |
| Deadline for Hearing Dispositive Pretrial Motions | 4/1/2013 |
| Pretrial Conference (Contact Court for Specific Date) | Week of 4/22/2013 |
| Trial | 5/13/2013 9:00 |

**Unless otherwise instructed, ALL Attorneys/Parties shall report to the trial court at 9:00 AM on the date of trial.**

### NOTICE TO PLAINTIFF/PETITIONER

If the case has been filed, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 3.

### NOTICE TO ALL PARTIES

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 3 does not apply while the case is in arbitration.

Dated: November 14, 2011

_____
Judge ROSANNE BUCKNER
Department 06

# SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

## CASE COVER SHEET / CIVIL CASES

Case Title Divis v. The Washington State Patrol, et al      Case Number  11 2 15656 2

Atty/Litigant Warren E. Martin      Bar # 17235     Phone (253) 620-6500

Address 1201 Pacific Avenue, Suite 2100

City Tacoma      State WA      Zip 98402

Please check one category that best describes this case for indexing purposes.
*If you cannot determine the appropriate category, please describe the cause of action below. This will create a Miscellaneous cause which is not subject to PCLR 3.*

**APPEAL / REVIEW**
___ Administrative Law Review (ALR 2) *REV 6*
___ Civil, Non-Traffic (LCA 2) *REV 6*
___ Civil, Traffic (LCI 2) *REV 6*
___ Land Use Petition (LUP 2) *LUPA*

**CONTRACT / COMMERCIAL**
___ Breach of Contract (COM 2) *STANDARD*
___ Commercial Non-Contract (COM 2) *STANDARD*
___ Commercial-Contract (COM 2) *STANDARD*
___ Third Party Collection (COL 2) *REV 4*

**JUDGMENT**
___ Judgment, Another County (ABJ 2) *Non PCLR*
___ Abstract Only (ABJ 2) *Non PCLR*
___ Transcript of Judgment (TRJ 2) *Non PCLR*
___ Foreign Judgment Civil (FJU 2) *Non PCLR*
___ Judgment, Another State (FJU 2) *Non PCLR*

**TORT / MOTOR VEHICLE**
___ Death (TMV 2) *STANDARD*
___ Non-Death Injuries (TMV 2) *STANDARD*
___ Property Damage Only (TMV 2) *STANDARD*

**TORT / NON MOTOR VEHICLE**
___ Other Malpractice (MAL 2) *COMPLEX*
___ Personal Injury (PIN 2) *STANDARD*
___ Property Damage (PRP 2) *STANDARD*
___ Wrongful Death (WDE 2) *STANDARD*
_✓_ Other Tort (TTO 2) *COMPLEX*
___ Products Liability (TTO 2) *COMPLEX*
___ Asbestos (TTO 2) *COMPLEX*

**PROPERTY RIGHTS**
___ Condemnation (CON 2) *STANDARD*
___ Foreclosure (FOR 2) *REV 4*
___ Property Fairness (PFA 2) *STANDARD*
___ Quiet Title (QTI 2) *STANDARD*
___ Unlawful Detainer / Eviction (UND 2) *REV 4*
___ Unlawful Detainer / Contested (UND 2) *REV 4*

**OTHER COMPLAINT OR PETITION**
___ Compel/Confirm Bind Arbitration (MSC2) *REV 4*
___ Deposit of Surplus Funds (MSC 2) *REV 4*
___ Interpleader (MSC 2) *REV 4*
___ Subpoenas (MSC 2) *REV 4*
___ Victims' Employment Leave (MSC 2) *REV 4*
___ Wireless Number Disclosure (MSC 2) *REV 4*
___ Injunction (INJ 2) *REV 4*
___ Malicious Harassment (MHA 2) *Non PCLR*
___ Minor Settlement/No Guardianship(MST2) *REV 4*
___ Pet for Civil Commit/Sex Predator (PCC2) *REV 4*
___ Property Damage Gangs (PRG 2) *REV 4*
___ Seizure of Property/Comm. of Crime(SPC2) *REV 4*
___ Seizure of Proprty Reslt from Crime(SPR2) *REV 4*

**TORT / MEDICAL MALPRACTICE**
___ Hospital (MED 2) *COMPLEX*
___ Medical Doctor (MED 2) *COMPLEX*
___ Other Health Care Professional (MED2)*COMPLEX*

**WRIT**
___ Habeas Corpus (WHC 2) *REV 4*
___ Mandamus (WRM 2) *REV 4*
___ Review (WRV 2) *REV 4*
___ Miscellaneous Writ (WMW 2) *REV 4*

**MISCELLANEOUS** _____

Revised 09/01/2011 Fillable

10533096

Washington State
Office of the Attorney General
Acknowledged Receipt, this 22 day
November, 20 11, Time: 11
[signature], Washington
[signature]
Assistant Attorney General

RECEIVED
2011 NOV 22 PM 12:59
ATTORNEY GENERAL'S OFFICE
TORTS DIVISION OLYMPIA

FILED
IN COUNTY CLERK'S OFFICE
A.M. NOV 14 2011 P.M.
PIERCE COUNTY WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| DAVID S. DIVIS<br><br>Plaintiff,<br>vs.<br><br>THE WASHINGTON STATE PATROL, JOHN R. BATISTE, GEORGE C. HATTELL, and JOHN DOES 1-10,<br><br>Defendants. | NO. 11 2 15656 2<br><br>SUMMONS |

**TO THE DEFENDANT:** A lawsuit has been started against you in the above-entitled court by David S. Divis, Plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons within the State of Washington or 60 days if served outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1 of 2
()
[100029642.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 10 day of November, 2011.

GORDON THOMAS HONEYWELL LLP

By _____
Warren E. Martin, WSBA No. 17235
WMartin@gth-law.com
Attorneys for Plaintiff

SUMMONS.- 2 of 2
()
[100029642.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

10533096

Washington State
Office of the Attorney General
Acknowledged Receipt, this 22 day
of November, 20 11, Time: 11
[illegible] Washington.
Signed: [signature]
Printed: [illegible]
Assistant Attorney General

FILED
IN COUNTY CLERK'S OFFICE
NOV 14 2011 P.M.
PIERCE COUNTY WASHINGTON
KEVIN STOCK, County Clerk
_____ DEPUTY

RECEIVED
2011 NOV 22 PM 12: 59
ATTORNEY GENERAL'S OFFICE
TORTS DIVISION OLYMPIA

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| DAVID S. DIVIS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE WASHINGTON STATE PATROL, JOHN R. BATISTE, GEORGE C. HATTELL, and JOHN DOES 1-10,<br><br>　　　　　　　　Defendants. | NO. 11 2 15656 2<br><br>COMPLAINT |

## I.   PARTIES, JURISDICTION AND VENUE

1.1  Plaintiff David S. Divis is a Sergeant employed by the Washington State Patrol and a resident of Pierce County.

1.2  Defendant John R. Batiste was at all times material to this Complaint the Chief of the Washington State Patrol.

1.3  Defendant George C. Hattell was at all times material to this case the Assistant Chief or the Commander of the Office of Professional Standards of the Washington State Patrol.

1.4  The defendants designated as John Doe 1-10 are, based on information and belief, legally responsible in some manner for the events and incidents described in this Complaint and caused or contributed to the damages and injuries alleged herein.

COMPLAINT - 1 of 8

[100029297.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Plaintiff will seek leave of Court to amend this Complaint to substitute the true names and job capacities for the defendants designated as John Doe.

1.5  The Washington State Patrol transacts business and maintains an office in Pierce County, Washington. Some of the events alleged in the Complaint occurred in Pierce County, Washington.

1.6  In September 2010, plaintiff filed a tort claim with the State of Washington, docketed by as Matter DRM No. 22570213. More than 60 days has passed from the filing of the tort claim to the filing of this Complaint.

## II.  FACTS

2.1  Plaintiff is a Sergeant with the Washington State Patrol. On or about January 15, 2008, plaintiff was given notice of an Internal Incident Report ("IIR") in which certain allegations were made. The Washington State Patrol purported to conduct an investigation of those allegations.

2.2  During the course of the proceedings involving the IIR, disparaging remarks were made regarding plaintiff's religion (Mormon) including a comment that plaintiff must have discriminated against certain Troopers because his church does not allow blacks to attend.

2.3  During the course of the investigation and thereafter, plaintiff was held to a different standard and subjected to different treatment because of his race (Caucasian) than the WSP applied to employees of other races (including African American employees).

2.4  Following the purported investigation into the IIR, the WSP issued a Notice of Disciplinary Charges against plaintiff.

COMPLAINT - 2 of 8

[100029297.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

2.5 Plaintiff exercised his rights under RCW 43.43 to contest these allegations before a Trial Board. In the Trial Board proceeding, the vast majority of the allegations from the purported investigation were dismissed.

2.6 Plaintiff has also filed several grievances under a Collective Bargaining Agreement involving various actions taken by the Washington State Patrol.

2.7 During the course of the proceedings arising out of the IIR, plaintiff's daughter was diagnosed with cancer. Plaintiff exercised his rights under RCW 49.12.270 to take leave in order to take care of his child with a health condition that required treatment or supervision.

2.8 Within the last three years, the WSP and its agents, including defendants Batiste, Hattell and the Doe defendants have taken the following adverse employment actions against plaintiff:

(a) Plaintiff was transferred to Tacoma in violation of the collective bargaining agreement. When so transferred, plaintiff was stripped of all sergeant duties and was instead assigned clerical duties in the "archive room" which was a garage located in Tacoma.

(b) Plaintiff sought to apply for a promotion and/or for a Lieutenant position as was his right to do. Defendants first refused to allow plaintiff to apply and when they relented, defendants' allowed plaintiff substantially less time to prepare for the examination than the other candidates.

(c) Plaintiff's supervisor, Lt. Alexander, was ordered by defendants Batiste, Hattell or John Doe to give plaintiff a lower performance evaluation than was warranted or that Lt. Alexander would have provided without such

COMPLAINT - 3 of 8

[100029297.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

direction. Plaintiff's supervisor was threatened with disciplinary action if he did not provide the lower and untruthful evaluation.

(d) Lt. Alexander was ordered by defendants Batiste, Hattell or John Doe to give plaintiff a lower evaluation in connection with promotional opportunities than was warranted or that Lt. Alexander would have provided without such direction. Plaintiff's supervisor was threatened with disciplinary action if he did not provide the lower and untruthful evaluation.

(e) Plaintiff was given an order that he was not allowed to wear a uniform to the oral boards for the Lieutenant position. Plaintiff was the only applicant given such an order.

(f) After defendants' learned that plaintiff's daughter was diagnosed with cancer and after plaintiff exercised his statutory rights to leave, defendants' demoted plaintiff without explanation and without cause.

(g) After this demotion, plaintiff's new assignment was to be in Enumclaw, the geographic location closest to his home which also complied with the CBA. Defendants then changed plaintiff's work assignment to north Seattle, the most geographically distant location which complied with the CBA. Defendants then ordered plaintiff's supervisor to call him regarding the new work assignment while his daughter was in surgery.

(h) Plaintiff sought a Hardship transfer to a different work location that would assist him in providing care for his daughter. Defendants denied such request and refused to provide an explanation or reason for such denial. Plaintiff believes that no similar hardship transfer request had ever been denied.

COMPLAINT - 4 of 8

[100029297.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

(i) While plaintiff was assigned to work as a trooper, defendants took action designed to impede plaintiff's ability to safely perform his job, including interfering in the working relationship between plaintiff and his co-workers and/or superiors

(j) When the WSP was ordered to reinstate plaintiff to a sergeant position, defendants placed plaintiff on administrative leave and refused to consider plaintiff for vacant sergeant positions, including positions in Enumclaw and in Bellevue.

### III.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF RCW 49.12.**

3.1   Plaintiff re-alleges and reincorporates paragraphs 1.1 through 2.8(j) herein.

3.2   Plaintiff exercised his right to use paid time off to care for his child with a health condition that requires treatment or supervision, a right provided by RCW 49.12.270.

3.3   Defendants took disciplinary action against plaintiff and/or otherwise discriminated against plaintiff because he exercised his rights provided under RCW 49.12.270 through 295.

3.4   Plaintiff suffered damages and injuries as a result.

**SECOND CLAIM FOR RELIEF: 42 USC § 1983**

3.5   Plaintiff re-alleges and reincorporates paragraphs 1.1 through 3.4 herein.

3.6   During the course of his employment, plaintiff engaged in speech on matters of public concern which is protected under the United States Constitution.

3.7   Defendants took adverse employment action against plaintiff in retaliation for his protected speech.

COMPLAINT - 5 of 8

[100029297.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

3.8   Defendants took adverse employment action based on plaintiff's race and/or religion

3.9   Plaintiff suffered damages and injuries as a result of such action.

**THIRD CLAIM FOR RELIEF: RCW 49.60 (RACE, RELIGION, OPPOSITION)**

3.10   Plaintiff re-alleges and reincorporates paragraphs 1.1 through 3.8 herein.

3.11   Defendants held plaintiff to a different standard than was applied to other similarly situated employees and such different standard was due to plaintiff's race and/or religion. Additionally, a substantial factor in some or all of the adverse employment actions described in paragraph 2.8 was plaintiff's race and/or religion.

3.12   During the course of the legal proceedings referred to herein, plaintiff opposed the application of different standards to employees based on race or religion. Plaintiff's protected opposition activity was a substantial factor in some or all of the adverse employment actions listed in paragraph 2.8 of this Complaint.

3.13   Plaintiff suffered damages and injuries as a result of the discriminatory and retaliatory conduct alleged herein.

**FOURTH CLAIM FOR RELIEF: OUTRAGE**

3.14   Plaintiff re-alleges and reincorporates paragraphs 1.1 through 3.12 herein.

3.15   Defendants, including the Doe defendants engaged in extreme and outrageous conduct including, but not limited to, the unlawful adverse employment actions listed in paragraph 2.8 of this Complaint. Specifically, defendants' conduct in reassigning plaintiff to the most geographically distant location possible and refusing his request for a hardship transfer, done with the intent or effect of impacting plaintiff's ability to provide care and treatment for his daughter's serious medical condition were extreme and outrageous.

COMPLAINT - 6 of 8

[100029297.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

3.16 As a result of such conduct, plaintiff has suffered severe emotional distress.

3.17 Defendants, including the John Doe defendants, intentionally or recklessly caused this severe emotional distress through the acts alleged herein.

**FIFTH CLAIM FOR RELIEF: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

3.18 Plaintiff re-alleges and reincorporates paragraphs 1.1 through 3.16 herein.

3.19 Defendants, including the Doe defendants engaged in negligent conduct including, but not limited to, the unlawful adverse employment actions listed in paragraph 2.8 of this Complaint. Defendants' negligent conduct includes but is not limited to reassigning plaintiff to the most geographically distant location possible and refusing his request for a hardship transfer, and had the effect of impacting plaintiff's ability to provide care and treatment for his daughter's serious medical condition.

3.20 As a result of such conduct, plaintiff has suffered severe emotional distress.

3.21 Defendants, including the John Doe defendants, negligently caused this emotional distress through the acts alleged herein.

## IV. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

4.1 For an award of general damages, including emotional distress damages.

4.2 For an award of punitive damages as permitted by applicable law.

4.3 For an award of economic damages as permitted by applicable law.

COMPLAINT - 7 of 8

[100029297.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

4.4 For an award of attorney's fees and costs as permitted by applicable law.

4.5 For such other and further relief as the Court deems just and equitable.

Dated this 10 day of November, 2011.

GORDON THOMAS HONEYWELL LLP

By  /s/ Warren Martin
Warren E. Martin, WSBA No. 17235
WMartin@gth-law.com
Attorneys for Plaintiff

COMPLAINT - 8 of 8

[100029297.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

**STATE OF WASHINGTON
PIERCE COUNTY SUPERIOR COURT**

| | |
|---|---|
| DAVID S. DIVIS,<br><br>            Plaintiff,<br>v.<br><br>THE WASHINGTON STATE PATROL, JOHN R. BATISTE, GEORGE C. HATTELL, and JOHN DOES 1-10,<br><br>            Defendants. | NO. 11-2-15656-2<br><br>SPECIAL NOTICE OF APPEARANCE<br><br>**(Clerk's Action Requested)** |

TO:    DAVID S. DIVIS, Plaintiff and WARREN MARTIN Plaintiff's Attorney

YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that the Defendants, Washington State Patrol, John R. Batiste and George C. Hattell, hereby enter their special appearance in the above-entitled action, specifically reserving all their rights, including those relating to jurisdiction because of lack of service of process and insufficiency of service thereof, and further request that all further papers, except original process, be served upon the undersigned attorneys at their below-stated address.

DATED this 22 day of November, 2011.

ROBERT M. MCKENNA
Attorney General

MARIE C. CLARKE, WSBA No. 36146
EDWARD S. WINSKILL, WSBA No. 5406
Assistant Attorneys General

SPECIAL NOTICE OF APPEARANCE      1



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126

*Received in County Clerk's Office, NOV 28 2011, Pierce County, Washington, Kevin Stock, County Clerk*

## PROOF OF SERVICE

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

Warren Martin
GORGON THOMAS HONEYWELL, LLP
1201 Pacific Avenue, Suite 2100
PO Box 1157
Tacoma, WA 98401-1157

☐ US Mail Postage Prepaid via Consolidated Mail Service

☒ ABC/Legal Messenger

☐ State Campus Delivery

☐ Hand delivered by _____

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 23 day of November, 2011 at Tumwater, WA.

_____
Melissa D. Kornmann, Legal Assistant

SPECIAL NOTICE OF APPEARANCE     2     ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126

16559 11/30/2011 900202



11-2-15656-2   37573995   AFSR   11-30-11

FILED
IN COUNTY CLERK'S OFFICE

A.M. **NOV 29 2011** P.M.

PIERCE COUNTY WASHINGTON
KEVIN STOCK, County Clerk

BY_____ DEPUTY

## SUPERIOR COURT, IN AND FOR THE COUNTY OF PIERCE, STATE OF WASHINGTON

| DAVID S DIVIS | Cause #:  11-2-15656-2 |
| Plaintiff/Petitioner | |
| | Declaration of Service of: |
| vs. | SUMMONS; COMPLAINT; ORDER SETTING CASE SCHEDULE; CASE COVER SHEET |
| THE WASHINGTON STATE PATROL; ET AL. | |
| Defendant/Respondent | |
| | Hearing Date: |

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Nov 22 2011 12:35PM at the address of 7141 CLEANWATER DR SW TUMWATER, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon THE WASHINGTON STATE PATROL by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with EDWARD WINSKILL ASSISTANT ATTORNEY GENERAL.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: November 22, 2011 at Olympia, WA

by _____
S. Treiber   PSR2009-0311-06

Service Fee Total: $ 83.00



ABC Legal Services, Inc.
206 521-9000
Tracking #: 4919990

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

30217-00002
Gordon, Thomas (Tacoma)
1201 Pacific Ave, #2100
Tacoma, WA   98402
253 620-6500

16550 11/30/2011 968203

RECEIVED
2011 NOV 22 PM 12:29
ATTORNEY GENERAL
STATE OF WASHINGTON
GSE/TUMWATER

FILED
IN COUNTY CLERK'S OFFICE

A.M. **NOV 14 2011** P.M.
PIERCE COUNTY WASHINGTON
KEVIN STOCK, County Clerk
BY_____DEPUTY

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| DAVID S. DIVIS,<br><br>        Plaintiff,<br><br>vs.<br><br>THE WASHINGTON STATE PATROL, JOHN R. BATISTE, GEORGE C. HATTELL, and JOHN DOES 1-10,<br><br>        Defendants. | NO. 11 2 15656 2<br><br>SUMMONS |

**TO THE DEFENDANT:** A lawsuit has been started against you in the above-entitled court by David S. Divis, Plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons within the State of Washington or 60 days if served outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1 of 2
()
[100029642.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565